# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDREW LIPIAN,** *an individual,*

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN,**
and **DAVID DANIELS,** *employee*
*of the University of Michigan, sued*
*in his personal and official capacity,*
*jointly and severally,*

    Defendants.

Case No: 18-cv-13321
Hon.   Arthur J. Tarnow
Mag. Mona K. Majzoub

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Van Hoven (P78856)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/FAX (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
avanhoven@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.**
Brian M. Schwartz (P69018)
Attorneys for Defendant University
of Michigan
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

**HOOPER HATHAWAY, P.C.**
Francyne B. Stacey (P33225)
Attorney for Defendant David Daniels
126 South Main Street
Ann Arbor, Michigan 48104
(734) 662-4426
fstacey@hooperhathaway.com

---

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

    Plaintiff by his attorneys **DEBORAH GORDON LAW** submits the following First Set of Requests for Production of Documents to Defendants to be answered under oath and in writing within 30 days of service of same pursuant to Rule 33 and Rule 34.

*Definitions and Instructions*

1.    The terms "you" and "your" mean any and all defendants in the instant action, as well as any agent, representative or employee of defendants.

2.    The term "document" shall have its customary broad meaning and shall include the original and all copies of all written material, without limitation, including the following items, whether existing in hard copy or electronically, printed, recorded or reproduced by any mechanism or process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements; contracts; communications; correspondence; letters; emails; facsimiles; text messages; social network postings or communications; memoranda; notebooks; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; instructions; minutes or records of meetings; minutes or records of conferences; lists of persons attending meetings or conferences; reports and/or summaries of investigations; photographs; drafts of any documents; original or preliminary notes; marginal comments appearing on any documents; any voice records, whether on a tape or other form of audio or aural record; books; pamphlets; periodicals; studies; working papers; writing, electronically stored information, or other tangible thing, and shall include all those within Defendants' possession or control.

3.    Electronically stored information.  Documents existing in electronic form should be produced in their native format, including all metadata.

4.    The term "regarding" means referring to, discussing, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting or mentioning.

5.    The term "communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, in the form of a document or otherwise, including, but not limited to, computer transmission.

6.    The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to provide the most expansive response and to bring within the scope of this Request documents and information which might otherwise be construed to be outside its scope.

7.    As used in this Request, the present tense of a verb includes past tense and vice versa, use of the singular includes plural and vice versa, and use of the masculine gender includes the feminine gender and vice versa.

8.    If you claim attorney-client privilege, work product immunity, or any other privilege or immunity with respect to any document which falls within any of the requests below, as to each such document provide:

    a.   the date of the document;
    b.   the authors of the document;
    c.   the addressee(s) of the document;
    d.   the type of document (e.g., letter, memorandum, tape recording, computerized disk);
    e.   the subject matter of the document;
    f.   the nature of the privilege or immunity claimed; and

g.   when not apparent, the relationship of the author(s) and addressee(s) to each other.

9.      The originals of all documents produced in copy form shall be kept available for inspection.

10.  This Request is made to ensure complete discovery and are not intended to limit or otherwise alter the duty to supplement prior discovery answers.  In particular, if requests listed here seek information which might also be deemed to be responsive to a prior interrogatory or request based on the duty to supplement established by the Federal Rules of Civil Procedure, then the overlap is unintentional and Plaintiff do not mean to excuse Defendants from the duty to supplement.

11.  This request specifically seek documents that may be contained in any one or more of the following:  professional, business, official, home, personal, private email accounts.  This Request also specifically seeks cached or stored or filed email folders, and any items that may be archived on the recipient's local hard drive or email account.  Please review all folders, files, archives, subfolders, in and out boxes, and similar storage locations for requested documents.

12.  If you object to the scope of this Request below as overbroad, please provide the information you concede or agree is within the scope of discovery in partial response, in addition to setting forth the basis for your objection.

## **REQUESTS TO PRODUCE**

**Request No. 1**:  Complete OIE files and/or investigations of any kind regarding David Daniels by Defendant University of Michigan.

**Response:**


**Request No: 2:**  Personnel record of David Daniels.

**Response:**


**Request No. 3**:  Records or communications of any kind, including emails, text messages, and electronic postings regarding concerns about David Daniels from the date he was first contacted about employment by Defendant University of Michigan until December 18, 2018.

**Response:**

**DEBORAH GORDON LAW**

D. L. Gord

Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Van Hoven (P78856)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
avanhoven@deborahgordonlaw.com

Dated: December 18, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2018, the above Requests to Produce was served upon Defendants' counsel by placing a copy of said documents in an envelope addressed to the address reflected in the pleadings herein, with first class postage affixed thereon and EMAIL.

Lynne Sheridan

Founded in 1852
by Sidney Davy Miller

# MILLER CANFIELD

BRIAN M. SCHWARTZ
TEL (313) 496-7551
FAX (313) 496-8451
E-MAIL schwartzb@millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy

FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati • Cleveland

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

January 29, 2019

**VIA EMAIL AND US MAIL**

Francyne B. Stacey
HOOPER HATHAWAY, P.C.
126 South Main Street
Ann Arbor, MI 48104
fstacey@hooperhathaway.com

> *Case No.     18-cv-13321*
> *Re:     Andrew Lipian v. University of Michigan, et al*

Dear Ms. Stacey:

   Attached please find Defendant University of Michigan's First Document Requests to David Daniels. Hard copies will follow via US Mail. Please do not hesitate to contact myself or my colleague Gregory Krause should you need any additional assistance.

   Very truly yours,

   Miller, Canfield, Paddock and Stone, P.L.C.

   By _____
      Brian M. Schwartz

BMS/hmw
Attachments

cc: Deborah Gordon (via email)

32882964.1\060548-00447

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew Lipian,

        Plaintiff,

v.

                                   Case No. 18-cv-13321

UNIVERSITY OF MICHIGAN, and
DAVID DANIELS, employee of the
University of Michigan, sued in his
personal and official capacity, jointly
and severally,

                                   Hon. Arthur J. Tarnow
                                   Mag. Mona K. Mazjoub

        Defendants.

---

Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Mannino (P78856)
DEBORAH GORDON LAW
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

Brian M. Schwartz (P69018)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
*Attorneys for the University of Michigan*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

---

**DEFENDANT UNIVERSITY OF MICHIGAN'S**
**FIRST SET OF DOCUMENT REQUESTS TO DAVID DANIELS**

    Defendant University of Michigan (the "University"), through its attorneys, submits the

following First Set of Document Requests to David Daniels pursuant to Fed. R. Civ. P. and 34:

## I.   <u>Definitions and Instructions</u>

The following definitions and instructions shall apply to any discovery request served in this lawsuit on David Daniels:

1.    Precede each answer with the request to which it is addressed.

2.    Each request seeks all information within Daniels's knowledge, possession, custody or control, as well as all information within the knowledge, possession, custody or control of Daniels's attorneys or agents, and any other person acting on his behalf.  Each of the requests shall be continuing in nature, and it is requested that Daniels serve upon the University supplemental answers in accordance with Federal Rule of Civil Procedure 26(e).

3.    If the answer to the entire question is not known, so state, and answer the part known.  If the answer to the question is only partly known, provide all responsive information known and specify in what respect the response is or may be incomplete due to partial lack of knowledge.  If the exact dates, amounts, or other figures or facts are not known, but you have information permitting you to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to you.

4.    Use of the singular tense shall be deemed to include the plural and vice versa, and use of the masculine pronoun shall be deemed to include both genders.

5.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests any information which might otherwise be construed to be outside their scope.

6.     If you do not know the answer to an interrogatory or the location of documents in a request, identify the person or persons who would be expected to know the answer to such question.

7.     If any of the information included in the answers to these requests is not within the personal knowledge of the person certifying the answers to these requests, so indicate in each instance where such information is included, and identify (as defined below) each person and/or document from whom/which such information was obtained.

8.     If any request is not fully answered because of a claim of privilege, state the privilege asserted relating to it and the facts allegedly giving rise to the claim of privilege.

9.     If a claim of privilege or work product is made as to a document or record (or any portion thereof), all portions of the document not subject to the claimed privilege shall be produced.  All documents which Daniels claims privilege or statutory authority as a grounds for non-production shall be identified by a date, title, type of document (e.g., memorandum, report, chart, etc.), subject matter (without revealing the information as to which the privilege or statutory authority is claimed), the factual and legal basis for the claim of privilege or statutory authority which provides the claimed grounds for non-production, and the custodian of the documents.

10.     For each document produced in response to a request, indicate in some reasonable manner the number or the request to which it responds.

11.     If anything is deleted from a document produced state:

    (a)    the reason for the deletion;
    (b)    the subject matter of the deletion; and
    (c)    if the deletion is based on a claim of privilege, state the privilege being asserted and the facts allegedly giving rise to the claim of privilege.

12.     If you are unable to produce any document(s) (as defined below) asked for in these requests because they are not within your possession, custody or control, or for any other reasons, for each such document state the items believed by you to be contained therein, and the name, address, occupation, affiliation and title (as defined below) of any and all persons who have possession, custody or control of each such document.

13.     Unless otherwise specified, each request requires a full answer for every period of time with respect to which Daniels intends to offer any evidence.

14.     If more than one copy of a requested document (e.g., a clean copy and a copy with handwritten notations) exists, and if one or more documents have any writing on them which differentiates them from other copies, Daniels shall produce all such copies.

15.     If a document has been destroyed, state when it was destroyed, identify the person who destroyed the document, the person(s) who directed that it be destroyed and the reason(s) the document was destroyed.

16.     The following definitions apply

A.     "Address" shall mean the present or last known street name and number, city or town, state and zip code of the person or entity in question.

B.     "Affiliation and title" shall mean the employer, the employer's address, and the job title or job description of the person or persons referred to in the Interrogatory.

C.     A "document" or "record" is defined as recorded information in any form or medium, and specifically includes e-mails, text messages, communications via any "app" or social media, and audio recordings.

D.     When used in conjunction with the term "person," "identify" means the person's:

(1)     Full, legal name;
(2)     Present or last known address and telephone number(s), business and residential;
(3)     Email address(es); and
(4)     Occupation, job title, business affiliation and nature of business.

     E.    When used in conjunction with the term "record" or "document," "identify" means to state:

        (1)    The document's title and subject matter;
        (2)    Its date;
        (3)    The author(s) and person(s) signing the document;
        (4)    It sender(s);
        (5)    Its recipient(s); and
        (6)    Its location and present custodian.

In lieu of identifying any particular copy of a document according to the foregoing, a copy thereof may be furnished.

     F.    When used in conjunction with the term "communication," "identify" means to state:

        (1)    The date and time when it occurred;
        (2)    The place where it occurred;
        (3)    The complete substance and content of the communication; and
        (4)    To identify each person to whom such communication was made, by whom such communication was made, and who was present when such communication was made.  If the communication was made by telephone, identify each person who made each telephone call and who participated in each call, identify the place where each person participating in each call was located, the telephone number(s) of all parties on the call and identify all documents relating in any way to the subject matter of the communication.  If the communication was made by email, attach a copy of the email and all responses to the email.

     G.    When used in conjunction with the term "act or event," "identify" means to state to the fullest extent known or ascertainable the time, date, place and duration of the act or event, to identify each person present at the act or event, and to set forth what was said and what was done by each person present.

     H.    The term "person" means individuals or entities of any type, including, but not limited to: natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, ventures and other forms of organizations or associations, and if appropriate or indicated, divisions, subsidiaries or departments of corporations or persons, and the principals, agents, servants or employees of the aforesaid entities.

     I.    The terms "you" or "your" or "Daniels" mean, without limitation, Daniels and his attorneys, agents and representatives.  To avoid confusion, Daniels should specify when an answer is made by Daniels and/or his attorneys.

J.      The "University" shall mean the defendant named in the caption of the First Amended Complaint herein (or any complaint filed in this action), and shall be deemed, for the purposes of these discovery requests only, to include the following: any agents, representatives, or employees of the University.

K.      The word "communication" means any words heard, spoken, written or read, regardless of whether designated confidential, privileged or otherwise including, without limitation, words spoken or heard at any meeting, discussion, interview, encounter, conference, speech, conversation or other similar occurrence, and words written or read from any document or record described above.

L.      "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

M.      The words or phrases, "explaining," "describing," "defining," "concerning," "reflecting," or "relating to" when used separately or in conjunction with one another mean directly or indirectly mentioning, pertaining to, involving, being connected with or embodying in any way or to any degree the stated subject matter.

N.      The word "exhibit" means all documents or records in or outside Daniels's possession, custody or control which may be used at trial to prove any claims.

O.      "MDCR" means the Michigan Department of Civil Rights; "MCRC" means the Michigan Civil Rights Commission; and "EEOC" means the Equal Employment Opportunity Commission.

P.      All other words, terms and phrases are to be given their normal meaning.

17.     The requests below do not request Daniels to re-produce documents that may have already been produced.  In lieu of re-producing documents, the University requests that Daniels identify by Bates No. the documents that Daniels previously produced that are responsive to the given request.

18.     If counsel for the Daniels needs any clarification of any interrogatory or request for production of documents, said counsel should contact Brian M. Schwartz, attorney for the University.

## II.      **Document Requests**

**Document Request No. 1:**     Each document and record Daniels will or may use in support of his allegations in this lawsuit.

**Response:**

**Document Request No. 2:**   All documents or recordings relating to any communications between David Daniels and Andrew Lipian.  This request includes, but is not limited to, a copy of all emails, text messages, videos and social media communications received from or sent to Lipian.

**Response:**

**Document Request No. 3:**   All documents or recordings relating to any communications between Daniels or any of his representatives (including but not limited to his attorneys) and any member of the media about the allegations in this lawsuit.

**Response:**

**Document Request No. 4:**   All documents or recordings relating to any communications between David Daniels and other individuals regarding Andrew Lipian.

**Response:**

**Document Request No. 5:**  All documents relating to any statements made by witnesses to the incidents about which Plaintiff complains in his lawsuit.

**Response:**

**Document Request No. 6:**  All documents relating to any statements between David Daniels and any third party regarding the incidents about which Plaintiff complains in this lawsuit.

**Response:**

**Document Request No. 7:**  To the extent not included in responses to other Requests, please produce electronic copies of Daniels's profile on Facebook.com, MySpace, SnapChat, LinkedIn, Grindr, or any other professional or social media website or "app" (including updates, changes or modifications to Daniels's profile) and status updates, messages, wall comments, causes joined or "liked", groups joined or "liked", events to which you have RSVP'd, activity streams, blog entries, details, blurbs, comments, and applications for the period of January 1, 2015 to the present to the extent the portion of the profile:

     a.     Contains communications with anyone attending the University of Michigan;

     b.     Contains communications with anyone employed by the University of Michigan; and

     c.     Contains communications pertaining to the allegations in the lawsuit.

For Daniels's Facebook.com profile, please specifically produce a browseable zip file by logging into your Account, clicking on "Settings" included under the  logo on the top right of the page, then choosing "Download a copy of your Facebook data", then clicking on the "Start My Archive" box and following the instructions on the screen.  Produce electronic (native files) copies of the documents downloaded from Facebook.

**Response:**

**<u>Document Request No. 8:</u>**   To the extent not produced above, all documents that Daniels intends to introduce at any deposition or at trial in this lawsuit.

**<u>Response:</u>**


**<u>Document Request No. 9:</u>**   All documents obtained via subpoena or Freedom of Information Act related to the allegations in this lawsuit.

**<u>Response:</u>**


**<u>Document Request No. 10:</u>**   A copy of Daniels's cell phone records, including records of all calls made and received, from January 1, 2015 through the present.

**<u>Response:</u>**

**Document Request No. 11:**   Within 30 days of issuance of this discovery request, Daniels shall produce to a vendor to be identified by the University's counsel, N1 Discovery, LLC, 2950 West Square Lake Road, Suite 209, Troy, MI  48098, during regular business hours, any and all cell phones owned or used by Daniels from January 1, 2015 to the present, for the purpose of forensic analysis of all text messages, phone calls, voice mail messages, notes photographs, images and videos and other data and metadata.

**Response:**

Respectfully submitted,

Miller, Canfield, Paddock and Stone, P.L.C.

By _____
    Brian M. Schwartz

Attorneys for the University of Michigan
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
schwartzb@millercanfield.com
P69018

Dated:  January 29, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2019, I sent via email Defendant University of

Michigan's First Set of Document Requests to  David Daniels as well as sent via U.S. Postal

Service to the following individual:

>   Francyne B. Stacey (P33225)
>   HOOPER HATHAWAY
>   Attorney for Defendant David Daniels
>   126 South Main Street
>   Ann Arbor, MI  48104
>   (734) 662-4426
>   fstacey@hooperhathaway.com

Respectfully submitted,

Miller, Canfield, Paddock and Stone, P.L.C.

By _____
      Brian M. Schwartz

Attorneys for the University of Michigan
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
schwartzb@millercanfield.com
P69018

Dated:  January 29, 2019

32855755.1\060548-00447

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ANDREW LIPIAN,** *an individual,*

     Plaintiff,

vs.

     Case No: 18-cv-13321
     Hon.   Arthur J. Tarnow
**UNIVERSITY OF MICHIGAN,**     Mag. Mona K. Majzoub
and **DAVID DANIELS,** *employee*
*of the University of Michigan, sued*
*in his personal and official capacity,*
*jointly and severally,*

     Defendants.

---

| | |
|---|---|
| **DEBORAH GORDON LAW** | **MILLER, CANFIELD, PADDOCK** |
| Deborah L. Gordon (P27058) | **AND STONE, P.L.C.** |
| Elizabeth A. Marzotto Taylor (P82061) | Brian M. Schwartz (P69018) |
| Andrea M. Van Hoven (P78856) | Attorneys for Defendant University |
| Attorneys for Plaintiff | of Michigan |
| 33 Bloomfield Hills Parkway, Suite 220 | 150 West Jefferson, Suite 2500 |
| Bloomfield Hills, Michigan 48304 | Detroit, Michigan 48226 |
| (248) 258-2500/FAX (248) 258-7881 | (313) 963-6420 |
| dgordon@deborahgordonlaw.com | schwartzb@millercanfield.com |
| emarzottotaylor@deborahgordonlaw.com | |
| avanhoven@deborahgordonlaw.com | **HOOPER HATHAWAY, P.C.** |
| | Francyne B. Stacey (P33225) |
| | Attorney for Defendant David Daniels |
| | 126 South Main Street |
| | Ann Arbor, Michigan 48104 |
| | (734) 662-4426 |
| | fstacey@hooperhathaway.com |

---

## NOTICE OF TAKING DUCES TECUM DEPOSITION
## OF DAVID DANIELS

     Plaintiff, Andrew Lipian, through his attorneys, DEBORAH GORDON LAW, will take

the testimony upon oral examination of the following on the date and time shown below at

**DEBORAH GORDON LAW, 33 Bloomfield Hills Parkway, Suite 220, Bloomfield Hills,**

**Michigan,** and said deposition to continue from day to day until complete.

This deposition will be taken for purposes of discovery pursuant to Michigan Court Rules, or as evidence, or both, before an officer authorized by law to administer oath.

Demand is hereby made that you present said deponent on the date and time below. All counsel is invited to attend and cross-examine said witness.

YOU ARE FURTHER NOTIFIED that you are directed to provide your cellular phone(s) and any computer(s) used between the dates of August, 2015 to December 18, 2108 that contains communications with any student or faculty member of Defendant University of Michigan, and communications on the site "Grinder" for inspection.

**Thursday, January 10, 2019**

**David Daniels. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10:00 a.m.**

**DEBORAH GORDON LAW**

Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Van Hoven (P78856)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
Dated: December 18, 2018
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
avanhoven@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2018, the above Notice was served upon Defendants' counsel by placing a copy of said documents in an envelope addressed to the address reflected in the pleadings herein, with first class postage affixed thereon and EMAIL.

Lynne Sheridan

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANDREW LIPIAN**, *an individual*,

      Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN,**
and **DAVID DANIELS**, *employee*
*of the University of Michigan, sued*
*in his personal and official capacity,*
*jointly and severally,*

      Defendants.

Case No: 18-cv-13321
Hon.   Arthur J. Tarnow
Mag. Mona K. Majzoub

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth A. Marzotto Taylor (P82061)<br>Andrea M. Van Hoven (P78856)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500/FAX (248) 258-7881<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>avanhoven@deborahgordonlaw.com | **MILLER, CANFIELD, PADDOCK**<br>**AND STONE, P.L.C.**<br>Brian M. Schwartz (P69018)<br>Attorneys for Defendant University<br>of Michigan<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>schwartzb@millercanfield.com<br><br>**HOOPER HATHAWAY, P.C.**<br>Francyne B. Stacey (P33225)<br>Attorney for Defendant David Daniels<br>126 South Main Street<br>Ann Arbor, Michigan 48104<br>(734) 662-4426<br>fstacey@hooperhathaway.com |

**NOTICE OF TAKING DEPOSITION OF ELIZABETH SENEY**

      Plaintiff, Andrew Lipian, through his attorneys, DEBORAH GORDON LAW, will take

the testimony upon oral examination of the following on the date and time shown below at

**DEBORAH GORDON LAW, 33 Bloomfield Hills Parkway, Suite 220, Bloomfield Hills,**

**Michigan**, and said deposition to continue from day to day until complete.

This deposition will be taken for purposes of discovery pursuant to Michigan Court Rules, or as evidence, or both, before an officer authorized by law to administer oath.

Demand is hereby made that you present said deponent on the date and time below. All counsel is invited to attend and cross-examine said witness.

**Thursday, January 24, 2019**

**Elizabeth Seney.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10:00 a.m.**

**DEBORAH GORDON LAW**

D. L. Gord

Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Van Hoven (P78856)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
avanhoven@deborahgordonlaw.com

Dated:  December 18, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2018, the above Notice was served upon Defendants' counsel by placing a copy of said documents in an envelope addressed to the address reflected in the pleadings herein, with first class postage affixed thereon and EMAIL.

Lynne Sheridan