# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDREW LIPIAN**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN**,

    Defendant.

Case No: 18-cv-13321
Hon.   Arthur J. Tarnow
Mag. Mona K. Majzoub

| **DEBORAH GORDON LAW** | **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.** |
|---|---|
| Deborah L. Gordon (P27058) | Brian M. Schwartz (P69018) |
| Elizabeth A. Marzotto Taylor (P82061) | Gregory M. Krause (P67142) |
| Andrea M. Van Hoven (P78856) | Attorneys for Defendant |
| Attorneys for Plaintiff | 150 West Jefferson, Suite 2500 |
| 33 Bloomfield Hills Parkway, Suite 220 | Detroit, Michigan 48226 |
| Bloomfield Hills, Michigan 48304 | (313) 963-6420 |
| (248) 258-2500/FAX (248) 258-7881 | schwartzb@millercanfield.com |
| dgordon@deborahgordonlaw.com | Krause@millercanfield.com |
| emarzottotaylor@deborahgordonlaw.com | |
| avanhoven@deborahgordonlaw.com | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff by his attorneys **DEBORAH GORDON LAW** submits the following First Set of Interrogatories Defendant to be answered under oath and in writing within 30 days of service of same pursuant to Rule 33 and Rule 34.

### *Definitions and Instructions*

1. The terms "you" and "your" mean any and all defendants in the instant action, as well as any agent, representative or employee of defendants.

2. The term "document" shall have its customary broad meaning and shall include the original and all copies of all written material, without limitation, including the following items, whether existing in hard copy or electronically, printed, recorded or reproduced by any mechanism or process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements; contracts; communications; correspondence; letters; emails; facsimiles; text messages; social network postings or

1

communications; memoranda; notebooks; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; instructions; minutes or records of meetings; minutes or records of conferences; lists of persons attending meetings or conferences; reports and/or summaries of investigations; photographs; drafts of any documents; original or preliminary notes; marginal comments appearing on any documents; any voice records, whether on a tape or other form of audio or aural record; books; pamphlets; periodicals; studies; working papers; writing, electronically stored information, or other tangible thing, and shall include all those within Defendant's possession or control.

3. Electronically stored information. Documents existing in electronic form should be produced in their native format, including all metadata.

4. The term "regarding" means referring to, discussing, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting or mentioning.

5. The term "communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, in the form of a document or otherwise, including, but not limited to, computer transmission.

6. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to provide the most expansive response and to bring within the scope of this Request documents and information which might otherwise be construed to be outside its scope.

7. As used in this Request, the present tense of a verb includes past tense and vice versa, use of the singular includes plural and vice versa, and use of the masculine gender includes the feminine gender and vice versa.

8. If you claim attorney-client privilege, work product immunity, or any other privilege or immunity with respect to any document which falls within any of the requests below, as to each such document provide:

   a. the date of the document;
   b. the authors of the document;
   c. the addressee(s) of the document;
   d. the type of document (e.g., letter, memorandum, tape recording, computerized disk);
   e. the subject matter of the document;
   f. the nature of the privilege or immunity claimed; and
   g. when not apparent, the relationship of the author(s) and addressee(s) to each other.

9. The originals of all documents produced in copy form shall be kept available for inspection.

10. This Request is made to ensure complete discovery and are not intended to limit or otherwise alter the duty to supplement prior discovery answers. In particular, if requests listed here seek information which might also be deemed to be responsive to a prior interrogatory or request based on the duty to supplement established by the Federal Rules of Civil Procedure,

then the overlap is unintentional and Plaintiff do not mean to excuse Defendants from the duty to supplement.

11. This request specifically seek documents that may be contained in any one or more of the following: professional, business, official, home, personal, private email accounts. This Request also specifically seeks cached or stored or filed email folders, and any items that may be archived on the recipient's local hard drive or email account. Please review all folders, files, archives, subfolders, in and out boxes, and similar storage locations for requested documents.

12. If you object to the scope of this Request below as overbroad, please provide the information you concede or agree is within the scope of discovery in partial response, in addition to setting forth the basis for your objection.

## INTERROGATORIES

1. Set forth the names and corresponding assigned "witness numbers" of all witnesses contacted, and/or interviewed in connection with, referenced in, and in any way connected and/or involved in the OIE's investigation(s) into Plaintiff's allegations against David Daniels.

**DEBORAH GORDON LAW**

/s/ D. L. Gordon

Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Van Hoven (P78856)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
avanhoven@deborahgordonlaw.com

Dated: May 30, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, the above Interrogatory was served upon Defendant's counsel by placing a copy of said documents in an envelope addressed to the address reflected in the pleadings herein, by Federal Express, next day service, and EMAIL.

Lynne Sheridan

3