# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDREW LIPIAN**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN**,
and **DAVID DANIELS,** *employee
of the University of Michigan, sued
in his personal and official capacity,
jointly and severally,*

    Defendants.

Case No: 18-cv-13321
Hon.   Arthur J. Tarnow
Mag. Mona K. Majzoub

___

| **DEBORAH GORDON LAW** | **MILLER, CANFIELD, PADDOCK** |
|---|---|
| Deborah L. Gordon (P27058) | **AND STONE, P.L.C.** |
| Elizabeth A. Marzotto Taylor (P82061) | Brian M. Schwartz (P69018) |
| Andrea M. Van Hoven (P78856) | Attorneys for Defendant University |
| Attorneys for Plaintiff | of Michigan |
| 33 Bloomfield Hills Parkway, Suite 220 | 150 West Jefferson, Suite 2500 |
| Bloomfield Hills, Michigan 48304 | Detroit, Michigan 48226 |
| (248) 258-2500/FAX (248) 258-7881 | (313) 963-6420 |
| dgordon@deborahgordonlaw.com | schwartzb@millercanfield.com |
| emarzottotaylor@deborahgordonlaw.com | |
| avanhoven@deborahgordonlaw.com | |

**DEFENDANT UNIVERSITY OF MICHIGAN'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    Defendant University of Michigan ("University"), by its attorneys Miller, Canfield, Paddock and Stone, P.L.C., submits its responses and objections to Plaintiff's First Set of Interrogatories as follows:

## GENERAL RESPONSES AND OBJECTIONS

These general objections are continuing in nature, and are hereby incorporated into the specific responses set forth below. Without regard to objections made or not made in these general objections, or in the specific objections to individual discovery requests, the University reserves the right to make any appropriate objections at any hearing or trial in this matter.

1.   The University objects to Plaintiff's requests because he has failed to take reasonable steps to avoid imposing an undue burden on Defendants, as required by Federal Rule of Civil Procedure 26(b)(2).

2.   Plaintiff has failed to take reasonable steps to avoid imposing an undue burden on the University, as required by Federal Rule of Civil Procedure 26(b)(2), because some of the information requested is obtainable from other sources that are more convenient, less burdensome, or less expensive.

3.   Defendants object to Plaintiff's requests because they are overbroad and are merely designed to harass Defendants and needlessly increase the costs of the litigation.

4.   The University objects to the continuing nature of Plaintiff's discovery requests, to the extent that they exceed the duty to supplement discovery requests as set forth in the Federal Rules of Civil Procedure.

5.   The University objects Plaintiff's requests to the extent they constitute an unwarranted invasion of the privacy and because they seek private and confidential information of individuals who are not parties to this lawsuit. For example, the University objects to Plaintiff's requests because they seek the production of documents that are protected from disclosure by the Family Educational Rights and Privacy Act of 1974.

2

6. The University objects to Plaintiff's definitions because they are unclear, vague, confusing and improper.

7. The University objects to Plaintiff's definitions to the extent they seek to impose upon Defendant any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and/or any applicable law, including without limitation, the local rules of the Eastern District of Michigan.

## Interrogatories

1. *Set forth the names and corresponding assigned "witness numbers" of all witnesses contacted, and/or interviewed in connection with, referenced in, and in any way connected and/or involved in the OIE's investigation(s) into Plaintiff's allegations against David Daniels.*

**ANSWER:** The University objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. The University objects to this request as vague, ambiguous and confusing. The University objects to this request because it seeks private and confidential information regarding individuals who are not parties to the litigation that is protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), or documents whose disclosure is otherwise restricted by law. The University objects to this request to the extent it seeks information protected by MCL 600.2157a(1) and MCL 600.2157a(2). The University objects to this request because it seeks information that is outside the scope of discovery because it is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues in this lawsuit. Subject to and without waiving these objections, the University refers to the individuals identified in the documents previously produced in response to Plaintiff's document requests for the names of

University employees who may have been witnesses during OIE's investigations. The University objects to producing student names for the reasons stated in the objections.

                Respectfully submitted,

                Miller, Canfield, Paddock and Stone, P.L.C.

                By_____
                    Brian M. Schwartz

                Miller, Canfield, Paddock and Stone, P.L.C.
                Attorneys for Defendants
                150 West Jefferson, Suite 2500
                Detroit, Michigan  48226
                (313) 963-6420
                schwartzb@millercanfield.com

Dated:  July 1, 2019        P69018

## CERTIFICATE OF SERVICE

    I hereby certify that on July 1, 2019 I served a copy of Defendant University of Michigan's Responses and Objections to Plaintiff's First Set of Interrogatories via email and regular mail upon the following individuals:

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Andrea M. Van Hoven (P78856)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/FAX (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
avanhoven@deborahgordonlaw.com

Miller, Canfield, Paddock and Stone, P.L.C.

By __/s/ Brian M. Schwartz__
    Brian M. Schwartz

Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
schwartzb@millercanfield.com
P69018

33921894.2\060548-00447

5