UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LIPIAN, an individual,

    Plaintiff,

vs.

UNIVERSITY OF MICHIGAN;
and DAVID DANIELS, employee
of the University of Michigan, sued
in his personal and official capacity,
jointly and severally,

    Defendants.

Case No. 18-cv-13321
Hon. Arthur J. Tarnow
Magistrate Mona K. Majzoub

_____/

# DANIELS' MOTION FOR PROTECTIVE ORDER TO STAY DANIELS SUBPOENED DEPOSITION

NOW COMES Defendant, David Daniels ("Daniels"), by and through his attorney, Francyne Stacey, Stacey Law Practice, and in support of his motion states as follows:

1. Plaintiff, Andrew Lipian ("Lipian") subpoenaed Daniels to appear for deposition on July 30, 2019Daniels was initially a party in this case. The claims alleged were Title IX violations against the University of

Michigan ("University"), and violations of the Michigan Elliott Larsen Civil Rights Act against the University and Daniels.

2. By stipulation of the parties, Daniels was dismissed from this lawsuit on February 21, 2019 (Dkt. No. 39).

3. At the present time, Daniels is facing felony charges in Houston based on allegations of sexual misconduct, Case no. 1619726 (Exhibit 1 – Criminal charge).

4. Lipian is well aware of the charges against Daniels in Houston and references them in his Complaint.

5. Daniels was also the potential defendant in a solicitation complaint made against him in Washtenaw County although that complaint was not taken up by the prosecutor's office. Lipian also references this in his Complaint.

6. Finally, in paragraph 45 of his Complaint, Lipian alleges that Daniels sexually assaulted him in 2017. While Lipian has not done so yet, it is possible that he too will charge Daniels with criminal conduct.

7. At the present time, the criminal charges in Houston are still pending and Daniels is out on bond pending the convening of a grand jury.

8. Lipian refers to the Houston criminal matter in his Complaint, to another criminal charge against Daniels in Michigan (which was dropped) and

alleges that Daniels sexually assaulted him, an allegation that could lead to criminal charges in the future.

9. Like Lipian, the University is fully aware of current or impending criminal charges against Daniels. The Office of Institutional Equity("OIE") at the University has investigated many of the allegations against Daniels that Lipian raises in his complaint filed here including current or impending criminal charges against Daniels.

10. In fact, OIE has been provided with Lipian's Complaint and records and documents produced in the course of discovery. In turn, OIE has provided information it gathered to the University for use in this case and, presumably, in an upcoming dismissal hearing regarding Daniels' employment

11. F.R.C.P 26(C) allows a party or any person from whom discovery is sought to move for a protective order.

12. A court may issue a protective order to stay proceedings, forbid inquiry into certain subjects or require that a deposition be sealed and opened only on court order.

WHEREFORE, based on the above, and in the accompanying brief, Daniels requests that a protective order to stay his deposition pending the conclusion of all criminal matters or, alternatively, that the parties' be directed not to inquire into

certain subjects and that any deposition of Daniels in this case be sealed to be opened only with a court order.

                                              STACEY LAW PRACTICE

                                              /s/Francyne B. Stacey
                                              Francyne B. Stacey (P33225)
                                              Attorney for David Daniels
                                              455 E Eisenhower Pkwy, Suite 300
                                              Ann Arbor, MI  48104
                                              (734) 821.8088
                                              francyne@staceylawpractice.com

UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                           SOUTHERN DIVISION

ANDREW LIPIAN, an individual,

       Plaintiff,

vs.                                              Case No. 18-cv-13321
                                                 Hon. Arthur J. Tarnow
UNIVERSITY OF MICHIGAN;                          Magistrate Mona K. Majzoub
and DAVID DANIELS, employee
of the University of Michigan, sued
in his personal and official capacity,
jointly and severally,

       Defendants.
_____/

## BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

## TO STAY DANIELS SUBPOENED DEPOSITION

    This motion is based on F.R.C.P 26(C) which allows a court to issue a protective order in appropriate circumstances. In a case like this one a protective order is appropriate because the criminal and civil cases against Daniels involve the same or closely related facts. This gives rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings. *Chao v Fleming*, 498 F. Supp. 2d 1034 (2007).

    While Daniels is not technically a party to the civil case, the facts as alleged by Lipian concern and involve alleged conduct and comments by Daniels and he is intimately involved in this matter.

The decision to stay a case requires examination of the specific circumstances taking into account the competing interests involved. To that end, a court should consider and balance the following:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;
2. The status of the case, including whether the defendant has been indicted;
3. The private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
4. The private interests of and burden on the defendants;
5. the interests of the courts; and
6. The public interest.

*Chao* at 1037, 1038.

In this case the factors weigh in favor of staying Daniels' deposition. In his Complaint, Lipian refers specifically to Daniels' alleged criminal conduct in Houston and equates his alleged experiences with Daniels to those criminal allegations. Moreover, Lipian himself alleges that Daniels sexually assaulted him, an allegation that could lead to criminal charges being brought by Lipian against Daniels. Daniels has been charged, is out on bond and is waiting for a grand jury to convene to decide whether or not he should be indicted.

There is no prejudice to Lipian in staying Daniels' deposition pending the resolution of criminal charges against Daniels. Lipian is only asking for money damages from the University and, in fact, does not need to depose Daniels in order to prevail. In a Title IX case like this one, the primary party is the university and the primary issue is whether the university knew or should have known about the conduct complained of and its actions or inactions. Finally, if Daniels is deposed now, in this case, he will have to assert his Fifth Amendment rights regarding current or impending criminal charges which will be used against him in the course of this civil case and prejudice his criminal case as well.

In conclusion, Daniels request this Court to grant his motion and stay his deposition in this case until after the criminal matters are resolved.

    STACEY LAW PRACTICE

/s/Francyne B. Stacey
Francyne B. Stacey (P33225)
Attorney for David Daniels
455 E Eisenhower Pkwy, Suite 300
Ann Arbor, MI  48104
(734) 821.8088
francyne@staceylawpractice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

<u>/s/Francyne Stacey</u>
Francyne Stacey