UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NDREW</small> L<small>IPIAN</small>,

      Plaintiff,

v.

U<small>NIVERSITY OF</small> M<small>ICHIGAN</small>,

      Defendant.

_____/

Case No. 18-13321

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>RDER</small> S<small>USTAINING IN</small> P<small>ART AND</small> O<small>VERRULING IN</small> P<small>ART</small> P<small>LAINTIFF'S AND</small> N<small>ON</small>-P<small>ARTIES</small>' O<small>BJECTIONS</small> [141, 142, 143, 146] <small>TO THE</small> M<small>AGISTRATE</small> J<small>UDGE'S</small> S<small>EPTEMBER</small> 6, 2019 O<small>RDER</small> [132]**

Plaintiff, Andrew Lipian, trained to be a vocalist at the University of Michigan School of Music, Theatre and Dance. Former Defendant, David Daniels, was hired by the University as a voice professor in the fall of 2015. Plaintiff alleges that Daniels sexually harassed him throughout his training, and, in March 2017, raped him. He alleges that the University and several of its employees and officials ignored warnings about Daniels' aggressive sexual behavior, causing injuries actionable under 42 U.S.C. § 1983 and Title IX of the Education Amendments.

On September 6, 2019, Magistrate Judge Mona Majzoub issued an order on six pending discovery motions [89, 93, 100, 101, 102, 109]. The Court had referred the motions to her for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). Andrew Lipian, Scott Walker, and David Daniels all filed objections to this Order. Despite

the broad powers given to a reviewing Court to weigh the many interests impacted by a discovery request, a district judge reviewing a Magistrate Judge's ruling on a non-dispositive matter does so according to the "clearly erroneous" or "contrary to law" standard of review set forth in Rule 72(a). FED R. CIV. P. 26(a); *see also* 28 U.S.C. § 636(b)(1)(A). The Court held a hearing on October 17, 2019 on all the objections and upheld the Magistrate Judge's rulings in certain respects and overruled it in others.

First, on Plaintiff's Motion to Compel [89] the Magistrate Judge found that although the names of student witnesses to Daniels' misconduct were relevant, the Family Education and Privacy Rights Act ("FERPA") bars the disclosure of personally identifiable information in education record. She ordered that the University give students an opportunity to object to the disclosure of their names. Plaintiff objected to the applicability of FERPA and the limitations on the disclosure of the student witness names.

For the reasons stated on the Record, this objection was overruled without prejudice. Defendant will provide Plaintiff with the names of students who are willing to participate in this litigation. If the information those students provide is not sufficient, and if Plaintiff has ground to believe that proving essential elements of his case require testimony by the remaining students, the Court will revisit the

applicability of FERPA as to the students who do not wish to be contacted by Plaintiff's attorney.

Second, the Magistrate Judge granted the University of Michigan's Motions to Compel Forensic Examinations of David Daniels' and Plaintiff's Phones [100, 101]. She found that both Plaintiff and David Daniels had gaps in the text message records they had produced. She rejected David Daniels' defense that he had a Fifth Amendment right to not produce his cell phone for such an examination. Both Daniels and Lipian objected to this order.

For the reasons stated on the Record, the Court sustained in part and overruled in part these objections. Both Lipian's and Daniel's cell phones are subject to a forensic examination — by an examiner agreeable to both parties — insofar as the conditions set by the Magistrate Judge are met. The following restrictions will also apply. The forensic examination will be restricted to text messages from between March 29, 2017 and May 29, 2017. The examiner will be provided with records of all text messages currently in Defendants' possession, and he or she shall only turn over text messages that Defendants do not currently possess. If Defendants already have all the text messages revealed by the forensic examination, the examiner will turn over no data. The data collected from mirroring the phones shall not be retained.

Third, the Magistrate Judge denied David Daniels' and Scott Walter's Motion for Protective Orders [93, 109] regarding their depositions. She ruled that although

they could be entitled to plead their Fifth Amendment rights in response to certain questions in their deposition, they were not entitled to forego the depositions altogether. Both Walters and Daniels objected to this order.

For the reasons stated on the Record, Daniels' and Walter's objections are denied.

Fourth, on the University of Michigan's Motion to Compel [101] and Plaintiff's Motion to for a Protective Order [102], the Magistrate Judge ruled that "as long as Lipian contends that Daniels' sexual advances were unwanted because Lipian is 'heterosexual and married,'" he would have to answer deposition questions about his sexual orientation and sexual history. (Dkt. 132, pg. 9). Lipan has since stipulated to the removal of all mention of his heterosexuality and marital status in the Third Amended Complaint.

For the reasons stated on the record, Plaintiff's objection is sustained in part and overruled in part. As long as Plaintiff does not bring his own sexual orientation or history into controversy, Defendants will not be entitled to ask questions about Lipian's sexual history with people unconnected to the allegations in this case. Any relationship he may have had with Scott Walters, however, may pertain to allegations in this case. Defendants are entitled to discovery on whether or how communications and conduct between Lipian and Walters affected or illuminated Lipian's relationship with Daniels. This line of inquiry will be limited, however.

Questions presented to Lipian regarding Walters on matters not connected to Daniels must be of a generic and abstract nature. Probing questions into specific acts or speech are precluded. On events or communications where Daniels was either present or discussed, however, questions can be more detailed and specific, but only where calibrated to produce information on Lipian's interactions with Daniels.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [146] to the Magistrate Judge's September 6, 2019 Order is **SUSTAINED IN PART AND OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that David Daniels' and Scott Walker's Objections [142, 143] to the Magistrate Judge's Order regarding their depositions are **OVERRULED**. David Daniels' Objection [141] to the Magistrate Judge's order regarding the forensic examination of his cell phone is **SUSTAINED IN PART AND OVERRULED IN PART**.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: October 24, 2019 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |