UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW LIPIAN, | Case No. 18-13321 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| UNIVERSITY OF MICHIGAN, ET AL. | U.S. MAGISTRATE JUDGE |
| | MONA K. MAJZOUB |
| Defendants. | |

_____/

**ORDER GRANTING DEFENDANTS' LIMITED MOTION FOR RECONSIDERATION [181]**

The Court held a hearing on objections to the Magistrate Judge's discovery orders on October 17, 2019. [Dkt. # 177]. At that hearing, the Court ruled that Defendants should be permitted to subject the cell-phones of both Andrew Lipian and David Daniels to forensic analyses within strict limits designed to protect the privacy of both parties. (*See* Dkt. 176). Defendants filed this Motion for Reconsideration and/or Clarification [181] in order to lift several of those restrictions.

**LEGAL STANDARD**

The Local Rules for the Eastern District of Michigan provide as follows:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by

which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted).

## ANALYSIS

The Court issued the following written ruling on objections to the Magistrate Judge's September 6, 2019 discovery order regarding forensic examination.

> [T]he Magistrate Judge granted the University of Michigan's Motions to Compel Forensic Examinations of David Daniels' and Plaintiff's Phones [100, 101]. She found that both Plaintiff and David Daniels had gaps in the text message records they had produced. She rejected David Daniels' defense that he had a Fifth Amendment right to not produce his cell phone for such an examination. Both Daniels and Lipian objected to this order.
>
> For the reasons stated on the Record, the Court sustained in part and overruled in part these objections. Both Lipian's and Daniel's cell phones are subject to a forensic examination — by an examiner agreeable to both parties — insofar as the conditions set by the Magistrate Judge are met. The following restrictions will also apply. The forensic examination will be restricted to text messages from between March 29, 2017 and May 29, 2017. The examiner will be provided with records of all text messages currently in Defendants' possession, and he or she shall only turn over text messages that Defendants do not currently possess. If Defendants already have all the text messages revealed by the forensic examination, the examiner will turn over no data. The data collected from mirroring the phones shall not be retained.

Dkt. 176, pg. 2-3.

This order was based on the ruling made on the record at the October 17, 2019 hearing. After being told by Defense counsel that "[t]here was a gap between March 29, 2017 and May 29, 2017," the Court ruled that "[y]ou may have a forensic examination of that limited period of time, March 29th to…May 29th, to be conducted by a forensic expert agreed upon by the parties." (Dkt. 177, 54-56). Defendants now argue that since Plaintiff also failed to produce text messages between January 5 and January 15, 2018 and from 2012 to April 2016., the above date restriction is too narrow.

The Court's intention was to restrict the forensic examination to the narrowest parameters necessary to permit Defendants to investigate its theory that text messages are missing from the record. *See John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (recognizing that forensic imaging is a permissible discovery use but should be treated cautiously where the request is broader than the data's relevance to the case warrants). The March-May restriction is plainly defective to the extent that it excludes from forensic examination portions of Lipian's text message record that Defendants reasonably allege have been incompletely produced. *See FCA US LLC v. Bullock*; 329 F.R.D. 563, 567 (E.D. Mich. Jan. 18, 2019) ("Courts have recognized that discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive.") (quoting *Hawkins v. Center for Spinal Surgery*, No.

12-1125, 2015 WL 3795297, at *3 (M.D. Tenn. June 18, 2015)). To provide for the investigation of such discrepancies, the March 29, 2017 to May 29, 2017 window in the October 24, 2019 Order shall be altered to allow the forensic examiner to search for deleted text messages sent between Lipian and Daniels from January 5, 2018 to January 15, 2018 and before May 2016.

Defendants have also argued that the March-May time restriction imposed by the Court would render a forensic examination of David Daniels' phone useless. They allege that Daniels failed to produce text messages that were exchanged before January 2, 2017 and after August 11, 2017. For the same reasons, Defendants will have the opportunity to test their allegations against the findings of a forensic examination. Therefore, as to Daniels' phone, the forensic examiner will be instructed to search for text messages sent between him and Lipian before January 2, 2017 or after August 11, 2017.

Lastly, Defendants want access to data validation information. Specifically, they want to know when texts were deleted. This could be inconsistent with the Court's order that "[i]f Defendants already have all the text messages revealed by the forensic examination, the examiner will turn over no data." Defendants have asked that if deleted texts are located within the search parameters set by the Court, that the forensic examiner reveal the date the message was created, the name and phone number of the sender of the text message, and the date that the text message

was deleted. Defendants also ask that the forensic examiner be permitted to determine if external data storage locations exist for deleted data that cannot be recovered.

The utility of these avenues of investigation are clearly greater than the privacy burden they place on either Lipian or Daniels. The Court's stated intention in crafting the restriction on turning over text messages that Defendants already have was to avoid cumulative production. (Dkt. 177, pg. 53). Since data validation from one party's phone would not be redundant to text messages produced by another, the restriction would be defective to the extent that it precluded information on potential spoliation. Defendants' requested data validation measures will be permitted.

Accordingly,

**IT IS ORDERED** that Defendants' Limited Motion for Reconsideration [181] is **GRANTED**.

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: November 27, 2019          Senior United States District Judge