UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LIPIAN,

        Plaintiff,

v.

UNIVERSITY OF MICHIGAN, ET AL.

        Defendants.

_____/

Case No. 18-13321

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING PLAINTIFF'S MOTIONS TO EXTEND PERIOD OF FACT DISCOVERY AND DISPOSITIVE MOTION CUTOFF [191] AND TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY [190]**

On September 26, 2019, the Court issued an order granting Plaintiff's leave to file a Third Amended Complaint. [Dkt. 152]. The Third Amended Complaint [150] added several new Defendants and causes of action. Relying on Plaintiff's position in the September 24, 2019 motions hearing that limited discovery could be completed in forty days (*See* Dkt. 200-6, pg. 20), the Court set a discovery cut-off date of November 4, 2019, and a dispositive motions deadline of December 4, 2019. (*See* Dkt. 152, pg. 3).

On December 5, 2019, Plaintiff moved to compel Defendant's responses to his second set of discovery [150]. That same day he moved to extend the period of fact discovery and the dispositive motion deadline [190].

## STANDARD OF REVIEW

Rule 16 of the Federal Rules of Civil Procedure permits the Court to modify a scheduling order "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Another key factor is whether the modification will prejudice the opposing party. *Id.*

## ANALYSIS

A review of the record contradicts Plaintiff's position that he acted with diligence to meet the scheduling order.

Plaintiff seeks to compel answers on various interrogatories that were served on Defendant on August 8, 2019. These interrogatories concern the University's treatment of other students who complained of being victims of sexual harassment, treatment that Plaintiff argues is relevant to his case by showing comparators for his discrimination claims. On September 5, Defendant, then only the University of Michigan, responded to these interrogatories, objecting to the interrogatories at issue on several grounds, among which was that the sought-after information was irrelevant to Plaintiff's Title IX claim, which was the only claim in the First Amended Complaint in effect at the time. (*See* Dkt. 190-2).

On October 2, a week after the Third Amended Complaint was entered, Plaintiff asked Defendants to supplement their answers to Plaintiff's earlier interrogatories, given the additional causes of action in the Third Amended Complaint. (*See* Dkt. 190-3). On October 18, 2019, Defendants provided supplemental answers to the interrogatories at issue, continuing their objections to many of the interrogatories. (*See* Dkt. 200-4). On October 30, 2019, according to emails attached to Plaintiff's motion, Plaintiff's counsel expressed that Defendants' objections were inappropriate. (*See* Dkt. 190-3). Defendant provided additional supplemental answers to the interrogatories on November 1, 2019. (*See* Dkt. 200-5). Plaintiff at this point had everything he needed — still several days before the discovery cut-off date — to file the motions to compel and extend the scheduling order that he inexplicably waited over another month to file.

Oher discovery motions were being decided during this time. On October 17, 2019, the Court held a hearing on Plaintiff's and non-parties' objections to the Magistrate Judge's June 6, 2019 discovery order. The Court issued an Order sustaining in part and overruling in part these objections, modifying the scope of discovery for the depositions of Scott Walters and Andrew Lipian and the scope of the forensic examination of Andrew Lipian's and David Daniel's cell phones. (*See* Dkt. 176). Both parties filed motions to reconsider the Court's parameters on the forensic examinations of the cell phones. As a result of the time-consuming litigation

of these discovery issues, the forensic examinations and depositions extended past the November 5 discovery deadline. That does not mean, however, that the discovery deadline was abrogated across-the-board.

Referencing the late-completed deposition of Andrew Lipian, Defendants on November 27, 2019 moved to extend the dispositive motion deadline nine days. (*See* Dkt. 185). Plaintiff did not concur to that motion, but the Court granted the motion and extended the dispositive motion deadline to December 13, 2019. (*See* Dkt. 189). On December 5, 2019, a month-and-a-half after he received Defendants' objections to the interrogatories, a month after discovery closed, and a little over a week after he declined to concur with Defendants' request for a nine-day extension, Plaintiff filed a motion [190] to compel answers on the aforementioned interrogatories and a motion [191] to extend fact discovery to February 4, 2020 and the dispositive motion deadline to March 4, 2020.

The most recent round of discovery, which ran from September 26, 2019 to November 5, 2019, per Plaintiff's request, was this case's third round of discovery. The first began at the beginning of the year. The Court permitted Plaintiff discovery to bolster his complaint at the January 23, 2019 scheduling conference, after Defendant's first motion to dismiss was filed. (*See* Dkt. 24). The initial discovery deadline was June 28, 2019. The second round began after Magistrate Judge Mona K. Majzoub resolved several discovery motions in her May 16, 2019 and June 5,

2019 Orders [85, 87], the parties stipulated to extend the scheduling order deadline to August 30, 2019. (*See* Dkt. 87).

Defendants have a reasonable expectation of finality in the most recent discovery and dispositive motion deadlines. They have expended significant resources preparing briefing within the parameters of this scheduling order, and they would be prejudiced if Plaintiff were permitted to open a fourth round of discovery right before the dispositive motion deadline. Further, because he has not demonstrated a diligent effort to comply with the most recent scheduling order, Plaintiff has not demonstrated good cause for an extension of the scheduling deadline within the meaning of FED. R. CIV. P. 16(b)(4).

The dispositive motion deadline will remain December 13, 2019. Responses to any motions filed will be due by January 17, 2020.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Compel Defendants' Responses to Plaintiff's Second Set of Discovery [190] and to Extend the Period of Fact Discovery and the Dispositive Motion Cut-Off Date [191] are **DENIED**.

**SO ORDERED**.

Dated: December 13, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge