UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LIPIAN,

              Plaintiff

v.

UNIVERSITY OF MICHIGAN,
*et al.*,

              Defendants.

_____/

Civil Action No.: 18-13321
Honorable Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO
<u>DENY REQUEST FOR SANCTIONS [ECF NO. 209]</u>**

Plaintiff Andrew Lipian, a graduate of defendant University of Michigan's School of Music, Theater and Dance (SMTD), alleges that David Daniels, a SMTD professor, sexually harassed him throughout his course of study and sexually assaulted him in March 2017. Lipian alleges that the University and several of its employees and officials ignored warnings about Daniels' aggressive sexual behavior, causing injuries actionable under 42 U.S.C. § 1983 and Title IX of the Education Amendments. The Honorable Arthur J. Tarnow referred four pending

motions[1] to the undersigned for hearing and determination.[2]  [ECF No. 215].

In one of the referred motions, the University requests Rule 11 sanctions against Lipian and his counsel, Deborah Gordon.  [ECF No. 209]. The University argues that Lipian's third amended complaint [ECF No. 150], filed by Gordon, includes demonstrably false factual assertions about the University's investigative report of Lipian's allegations against Daniels. [ECF No. 209].  In its motion, the University requests that the Court strike allegedly false allegations, strike counts based on the false allegations, preclude Lipian and his counsel form relying on the allegedly false allegations and award the University reasonable attorneys' fees and expenses.  [*Id.*, PageID. 209].

Because the University asks the Court to strike counts of Lipian's third amended complaint, his motion for Rule 11 sanctions is premature.

---

[1] In addition to the subject motion for sanctions, the Court heard argument on the University's Motion for Attorney Fees [ECF No. 153]; Motion to Compel Testimony of Plaintiff [ECF No. 195] and Motion to Compel Testimony of David Daniels and Scott Walters [ECF No. 196] on February 26, 2020.  Separate opinion and orders will be issued on these motions.

[2] Defendants request that counts be stricken, so their motion for sanctions is dispositive.  Thus, this Court must make a report and recommendation on defendants' motion for sanctions under Rule 11, even though the motion was referred for hearing and determination.  28 U.S.C. § 636(b)(1).

*Dobronski v. Alarm Mgt. II, LLC*, 18-11055, 2018 WL 6728475, at *4-*5, (E.D. Mich. Nov. 13, 2018), *adopted in relevant part*, 2019 WL 1232690 (E.D. Mich. Mar. 18, 2019) ("In general, a Rule 11 motion is not a proper substitute for a dispositive motion and should not be employed ... to test the sufficiency or efficacy of allegations in the pleading; other motions are available for those purposes.") (citations and quotation marks omitted); *Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) ("Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case."); and Rule 11 Advisory Committee Notes (1983 Amendment) (anticipating "that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation.").

Defendants have moved for summary judgment and to dismiss counts of Lipian's third amended complaint. [ECF No. 178; ECF No. 203]. Judge Tarnow has scheduled a March 11, 2020 hearing for those motions. [ECF No. 234]. Depending on Judge Tarnow's decisions on those motions, some of the allegations and counts defendants ask to be stricken may be heard by a jury. After the dispositive motions have been decided and the jury has heard any remaining counts, the Court will have a full sense of the case as necessary to assess Lipian's allegations under Rule 11. At this

time, that assessment would be premature. The Court thus recommends that defendants' motion for sanctions under Rule 11 [ECF No. 209] be **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 2, 2020

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2020.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager