UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LIPIAN,

        Plaintiff,

v.

UNIVERSITY OF MICHIGAN, ET AL.

        Defendants.

_____/

Case No. 18-13321

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER SUSTAINING PLAINTIFF'S OBJECTION [206] TO THE MAGISTRATE JUDGE'S ORDER [132]; GRANTING PLAINTIFF'S MOTION TO COMPEL [89]; AND DENYING DEFENDANT'S EMERGENCY MOTION TO STRIKE**

While discovery was still ongoing in this case, Plaintiff filed a motion to compel that was denied by the Magistrate Judge. Plaintiff timely objected to the Magistrate Judge's Order, but the Court overruled the motion without prejudice, suggesting that a judicial determination might not be necessary. At a conference on May 11, 2020, the parties informed the Court that the matter would not be resolved. The Court will therefore sustain Plaintiff's objection and overrule the Magistrate Judge's September 6, 2019 Order as it pertains to Plaintiff's motion to compel the names of student witnesses.

**BACKGROUND**

On July 3, 2019, Plaintiff filed a motion seeking to compel a response to his Interrogatory 1, which "sought the names of witnesses contacted, interviewed,

referenced in, or otherwise involved with the University's investigation into Plaintiff's allegations against David Daniels." (ECF No. 89, PageId.1870). The motion was briefed and referred to the Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 90). The Magistrate Judge dispensed with oral argument pursuant to Local Rule 7.1(f)(2) and issued a ruling on September 6, 2019. (ECF No. 132).

Regarding Plaintiff's Motion to Compel [89], the Magistrate Judge found that although the names of student witnesses to Daniels' misconduct were relevant, the Family Education and Privacy Rights Act ("FERPA") bars the disclosure of personally identifiable information in education record. (ECF No. 132). She ordered that the University give students an opportunity to object to the disclosure of their names. Many, but not all, did so.

Plaintiff filed an Objection [146] to this on September 20, 2019. That objection was briefed, and the Court held a hearing on October 17, 2019. At the hearing, the Court reasoned that Plaintiff should determine if it can get all the information it needs from the student witnesses who did not object to the disclosure of their names, before insisting on his rights to know the identity of those who did object. (ECF No. 177, pg. 48).

> Defendant will provide Plaintiff with the names of students who are willing to participate in this litigation. If the information those students provide is not sufficient, and if Plaintiff has ground to believe that proving essential elements of his case require testimony by the remaining students, the Court

will revisit the applicability of FERPA as to the students who do not wish to be contacted by Plaintiff's attorney. (ECF No. 176, PageId.4667)

On December 19, 2019, Plaintiff renewed his Objection regarding the names of the student witnesses. (ECF No. 206). Defendants moved to strike the Objection on December 20, 2019. (ECF No. 210). Defendants argued that Plaintiffs had improperly waited until after discovery had closed to renew their objections. Though discovery had already closed, both Plaintiff and Defendants had outstanding discovery requests in December of 2019. It is not unreasonable for Plaintiff to take two months to determine that it needed two know the names of the witnesses who objected to their identities being disclosed, and the Court did not impose a deadline on Plaintiff to renew his objections. Defendant's Motion to Strike [210] will therefore be denied.

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provide the following on the scope of civil discovery.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b).

Despite the broad powers given to a reviewing Court to weigh the many interests impacted by a discovery request, a district judge reviewing a Magistrate Judge's ruling on a non-dispositive matter does so according to the "clearly erroneous" or "contrary to law" standard of review set forth in Rule 72(a). FED R. CIV. P. 26(a); *see also* 28 U.S.C. § 636(b)(1)(A). Some courts have delineated between "clearly erroneous" and "contrary to law," reasoning that the former standard applies to factual findings and the latter to legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684 (S.D. Ohio 1992).

Factual findings are accorded great deference. The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions are afforded less deference. "This Court is free to exercise its independent judgment with respect to the legal conclusions reached by the Magistrate." *Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547, 551 (S.D. Ohio 1982), aff'd, 785 F.2d 308 (6th Cir. 1986).

## ANALYSIS

The question is whether FERPA bars the disclosure of the student witnesses' names. FERPA precludes educational institutions from disclosing "personally identifiable information in educational records." 20 U.S.C. § 1232g(b)(2). 20 U.S.C.A. §§ 1232g(a) and (b)(1). FERPA broadly defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *U.S. v. Miami University,* 294 F.3d 797, 812 (6th Cir.2002) (citing 20 U.S.C. § 1232g(a)(4)(A)). FERPA does, however, contain a litigation exception. 20 U.S.C. § 1232g(b)(2)(B) (exempting "information furnished in compliance with judicial order"). Plaintiff has argued that courts have held that allegations by student witnesses to faculty misconduct are not protected by FERPA, because they are not education records.

> Such records [of a teacher's misconduct] do not implicate FERPA because they do not contain information "directly related to a student." While these records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves and are therefore not governed by FERPA. *Cf.* 20 U.S.C. § 1232g(a)(4)(B)(iii) (education records do not include records made and maintained in the normal course of business which relate exclusively to the educational institutions' employees in their capacity as employees and are not available for use for any other purpose).

*Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004)

A student's statement about his relationship with his voice instructor would implicate both the student's own privacy rights, which are protected, and the instructor's privacy rights, which are not. Questions can therefore be carefully crafted so that the spotlight of discovery is always aimed squarely at the instructors at issue, not at the students.

Further, FERPA does not impose a complete bar on the discovery of educational records, but rather imposes a financial penalty on schools who adopt a policy or practice of releasing educational records. *Ellis*, 309 F.Supp at 1023 (citing *Bauer v. Kincaid*, 759 F.Supp. 575 (W.D. Missouri 1991)). Indeed, the language of the statute limits its financial penalties to cases where an educational agency "has a policy or practice of permitting the release of education records." *See* 20 U.S.C. § 1232(g)(b)(1). FERPA "address[es] systematic, not individual, violations of students' privacy by unauthorized releases of sensitive information in their educational records." *Jensen v. Reeves,* 45 F.Supp.2d 1265, 1276 (D.Utah 1999) (citing *Gundlach v. Reinstein,* 924 F.Supp. 684 (E.D.Pa.1996)). "This focus on policies which systematically invade a student's privacy is thus consistent with the statute's allowances for the disclosure of such information in particular circumstances or pursuant to a court order on a case-by-case basis." *Ellis*, 309 F.Supp at 1023 (citing 20 U.S.C. § 1232g(b)(2)(B)).; *see also D.L. v. Unified School Dist. # 497,* 270 F.Supp.2d 1217, 1243–44 (D. Kan.2002) (citing 34 C.F.R. §

99.31(a)(9)(i)). In this case, defendant is not engaged in a policy or practice of disclosing student records but rather is responding to narrowly defined discovery requests pursuant to a court order.

"A school is not subject to sanctions because it discloses 'personally identifiable information' if it does so in compliance with a judicial order." *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). The statutory language of FERPA, with its exception for judicial subpoena and its relatively weak enforcement mechanism, is best read as a reason to "place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records." *Ellis*, 309 F.Supp at 1023 accord Rios, 73 F.R.D. at 599 ("These privacy violations are no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students.").

Plaintiff have shown a genuine need for student witness testimony in this case. First, students may, in some cases, be situated to impartially opine on what University administrators knew about Daniels' conduct and when. Second, Defendant had already interviewed many of the students as part of its Office of Institutional Equity ("OIE") investigation. Defendant has argued that the University told the students they would remain anonymous when they were interviewed by the.

Such asymmetric discovery would put Plaintiff at a trial disadvantage, however, for Defendant would have access to a pool of potential witnesses, who were already questioned by the OIE, that Plaintiff would not be able to reach. Lipian's classmates, unlike the students discussed in the above cases, are adults, and their status as students will not shield them from civil discovery where their own University has already sought their assistance in this case.

## Conclusion

The Magistrate Judge's holding was inconsistent with FERPA. That being said, the student witnesses do have a very real privacy interest at stake. The subject-matter of this case involves a type of sexual harassment that many students may have felt the need to play along with for the sake of their reputation and professional prospects.

Two qualifications are therefore in order. First, the parties shall work together to draft a protective order that protects the anonymity of all student witnesses in this case who do not wish their names to be made public. Second, the Court's April 9, 2020 Opinion and Order [257] substantially narrowed the scope of relevant factual inquiry in this case. The University's investigation of Daniels after August of 2018 is no longer relevant to this case. Nor is the University's treatment of male victims as compared to female victims or non-litigant victims as compared to Lipian. The only remaining factual disputes—and the only permissible subjects of inquiry as to

the remaining students—are what any "appropriate person" within the meaning of Title IX knew about Daniels' behavior, and whether the University's response was adequate.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [206] to the Magistrate Judge's Order on his Motion to Compel is **SUSTAINED**. The Magistrate Judge's September 6, 2019 Order [132] is **OVERRULED** and Plaintiff's Motion to Compel [89] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Emergency Motion to Strike [210] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 15, 2020                Senior United States District Judge